**Deborah CROSS, Plaintiff,**

v.

**NORTHWEST AIRLINES, INC., Defendant.**

**No. 1:97 CV 0623.**

United States District Court, N.D. Ohio, Eastern Division.

Feb. 17, 1998.

---

Dea L. Character Floyd, Shaker Heights, OH, for Plaintiff.

Earl M. Leiken, Thomas A. King, Jr., Baker & Hostetler, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION AND ORDER

NUGENT, District Judge.

This matter is before the Court upon the Motion for Summary Judgment (Document # 14) filed by Northwest Airlines, Inc. (hereinafter Northwest). For the reasons that follow, Defendant's Motion is GRANTED.

### Factual Background

Plaintiff Deborah Cross began working for Northwest as a flight attendant in 1974. Several years later, on January 27, 1990, Ms. Cross suffered injuries while working on a flight from Honolulu, Hawaii to Tokyo, Japan which encountered turbulence. Her injuries included compressed discs in her neck and back, muscle strains and sprains, tendinitis and myofascitis of the neck and shoulders.

Due to her injuries, Northwest placed Ms. Cross on a leave of absence on January 30, 1990. During this leave of absence, Ms Cross performed light duty, clerical work for Northwest on two different occasions, however, Ms. Cross's doctor advised that she be taken off light duty work.[1] Ms. Cross never returned to work as a flight attendant after suffering injuries on January 27, 1990, and she has indicated that she remains incapable of performing even light duty work.

On January 27, 1993, Northwest's Base manager Paul Given notified Ms. Cross that her leave of absence would expire on January 31, 1993 because the collective bargaining agreement provided a maximum three-year medical leave. Northwest then notified the Plaintiff by letter dated March 5, 1993, that she had been terminated, effective February 1, 1993, because her leave expired and she did not return to work.

Ms. Cross complained to her union regarding her termination. The union filed a grievance on her behalf on March 12, 1993, but the union withdrew the grievance on February 2, 1994. This suit followed.

### Procedural History

Ms. Cross filed a Complaint against Northwest in Cuyahoga County Common Pleas Court, alleging that Northwest wrongfully terminated her from employment. Specifically, she alleges that Northwest's actions in terminating her constituted breach of contract, unlawful sex discrimination, unlawful race discrimination, and unlawful retaliation for having filed for Ohio workers compensation benefits. Northwest removed the action to this Court and then filed an Answer in which Northwest denied the allegations of discrimination and retaliation contained in the Complaint and asserted that it took action for legitimate non-discriminatory reasons.

At a status conference conducted on October 20, 1997 only counsel for Defendant appeared, although counsel for Plaintiff had been notified. At that status conference, the Court ordered that dispositive motions be filed by December 1, 1997, response briefs be filed by January 2, 1998, and reply briefs be filed by January 12, 1998. Furthermore,

---

1. These occasions included one week in May 1990 and on day in October 1990.

trial was set for February 19, 1998 at 8:30 a.m.

Thereafter, Northwest filed a Motion for Extension Time in Which to File Dispositive Motions on both November 19, 1997 and December 29, 1997. In those Motions, Defendant argued that it needed additional time due to its difficulty in obtaining discovery from the Plaintiff and in having the Plaintiff appear for her deposition. The Plaintiff did not object, and both motions were granted.

At a status conference held on January 12, 1998, the Court acknowledged the previously granted extensions and set new deadlines as follows: dispositive motions due January 30, 1998; response due February 13, 1998; reply, if any, due February 18, 1998. The Court further ordered that the trial date remain February 19, 1998.

Pursuant to that schedule, Northwest filed its Motion for Summary Judgment on January 30, 1998. No response was filed by Plaintiff. The Court has not received any motions for extension of time and, therefore, considers Defendant's Motion for Summary Judgment as unopposed.

### Summary Judgment Standard

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration

of the applicable evidentiary standards. The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *see also U.S. v. Hodges X–Ray, Inc.,* 759 F.2d 557, 562 (6th Cir.1985).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex,* 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson,* at 248–49) (1986). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249–50 (citation omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict." *Id.* at 252. However, if the nonmoving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

The moving party's burden is not lessened when its motion is unopposed. Rather, as the Sixth Circuit explained in *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 410 (6th Cir.1992):

> In the absence of a response, the court must review carefully those portions of the submitted evidence designated by the moving party. Neither the trial nor appellate court, however, will *sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party. Rather, in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in

reaching a conclusions that certain evidence and inferences from evidence demonstrate facts which are "uncontroverted."

If such evidence supports a conclusion that there is no genuine issue of material fact, the trial court should determine that the moving party has carried its burden, and "judgment [ ] shall be rendered forthwith...." FED. R. CIV. P. 56(c).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson*, 477 U.S. at 250.

## Discussion

■ In its Motion for Summary Judgment, Northwest addresses each of the allegations contained in Plaintiff's Complaint. First, Northwest argues that it is entitled to summary judgment because Ms. Cross's claim for breach of contract is governed by the Railway Labor Act, 45 U.S.C. 151 *et seq.*, which deprives this Court of jurisdiction. It maintains that suits alleging breach of a collective bargaining agreement against an airline is governed by the Railway Labor Act, and Northwest offers the Plaintiff's deposition to demonstrated that the terms and conditions of her employment at Northwest was governed by the collective bargaining agreement in effect between Northwest and the International Brotherhood of Teamsters, Warehousemen and Helpers of America.

Next, Northwest asserts that it is entitled to summary judgment on Ms. Cross's claims for race and sex discrimination because she was not qualified for the position from which she was discharged and also because Ms. Cross has failed to identify any similarly situated employees who were treated better. Northwest offers the Plaintiff's deposition as well as the affidavit of Northwest employee Peggy Sauer–Clark in support of its contentions.

Northwest also argues it is entitled to summary judgment on Ms. Cross's claim for retaliation because her claim is time barred and also because she failed to provide Northwest with the required written notice. In support of this argument, Northwest again presents the Plaintiff's deposition. Finally, Northwest contends that the Plaintiff's prayer for punitive damages should be dismissed because Ohio law prohibits the award of punitive damages for breach of contract.

A thorough review of Defendant Northwest's Motion for Summary Judgment and the evidence offered in support thereof reveals that no genuine issues of material fact remain to be litigated in this matter and Northwest is entitled to judgment as a matter of law. Upon such a showing by a movant, and pursuant to FED. R. CIV. P. 56(e), the nonmoving party is not entitled to rely on the allegations of her pleadings, but must set forth specific evidence showing a genuine issue for trial. As Plaintiff has failed to meet this burden, Defendant is entitled to judgment as a matter of law. Accordingly, Northwest's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

## *JUDGMENT ENTRY*

Pursuant to a Memorandum Opinion and Order of this Court, Defendant's Motion for Summary Judgment (Document # 14) is GRANTED and this case is DISMISSED WITH PREJUDICE. All costs to the Plaintiff.

IT IS SO ORDERED.